UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

WILLIE RAYFORD                                   CIVIL ACTION

VERSUS                                           NUMBER: 10-2823

MARLIN GUSMAN, ET AL.                            SECTION: "N"(5)


                    **REPORT AND RECOMMENDATION**

     This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Willie Rayford, against defendants, Sheriff Marlin N. Gusman and Officers L. David and L. Carter of the New Orleans Police Department's Sixth District. (Rec. doc. 2). Plaintiff, an inmate of the Orleans Parish Prison ("OPP") at the time that he originally authored his complaint, complained of the legality of his arrest at the hands of the named defendant officers and his subsequent imprisonment. (Id.). By the time that plaintiff had completed his application to proceed IFP, he had been released from OPP. (Rec. doc. 1, p. 2). Upon the granting of plaintiff's request to so proceed he was provided with summonses as to three named defendants and an instructional letter advising him that the Marshal's Service was available to effect service on his behalf

pursuant to Rule 4(c)(3), Fed.R.Civ.P. (Rec. doc. 4). The case was subsequently referred to the undersigned. (Rec. doc. 5).

On October 12, 2010, summons and a copy of plaintiff's complaint was served upon the Sheriff by the Marshal's Service with the Sheriff filing his answer thereto on October 20, 2010. (Rec. doc. 7). After over one hundred twenty days had passed since the case was filed and issue was not joined as to the remaining two defendants, in accordance with Local Rule 16.2 plaintiff was ordered to show cause as to why his claims against Officers L. David and L. Carter should not be dismissed for failure to prosecute. (Rec. doc. 8). Around that same time summonses as to the two officers were filed in the record unexecuted with a notation from the Marshal's Service that those defendants did not work at the Sixth District police station, the address that plaintiff had identified where they could be served. (Rec. docs. 9, 10). Based upon a review of those unexecuted returns it appeared that plaintiff had acquired a new mailing address and had not received a copy of the Court's show cause order. (Id. and rec. doc. 11). That being the case, the Court directed the Clerk to re-mail a copy of the initial show cause order to plaintiff at his new mailing address and ordered him to provide a written explanation, on or before March 2, 2011, as to why his claims against the named defendant police officers should not be dismissed. (Rec. doc. 12). A copy of the latter order was mailed to plaintiff at his new

address of record and has not been returned as undeliverable.  No response to the show cause order has been forthcoming from plaintiff and the named defendant police officers remain unserved.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own initiative after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor.  See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been nearly seven months since this lawsuit was filed and proof of service on the named defendant police officers is lacking. By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon him the need to fully prosecute his case. Unfortunately, no response to the Court's show cause order has been forthcoming nor has there been any further service activity.  As

plaintiff is unrepresented by counsel, these failures are attributable to him alone.  Accordingly, it will be recommended that plaintiff's claims against the named defendant police officers be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's claims against defendants, Officers L. David and L. Carter of the New Orleans Police Department, be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  22nd  day of    March    , 2011.

                                                    ALMA L. CHASEZ
                                    UNITED STATES MAGISTRATE JUDGE