UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIE RAYFORD                                    CIVIL ACTION

VERSUS                                            NUMBER: 10-2823

MARLIN GUSMAN, ET AL.                             SECTION: "N"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Willie Rayford, against defendants, Sheriff Marlin N. Gusman and Officers L. David and L. Carter of the New Orleans Police Department's Sixth District. (Rec. doc. 2). Plaintiff, an inmate of the Orleans Parish Prison ("OPP") at the time that he originally authored his complaint, complained of the legality of his arrest at the hands of the named defendant officers and his subsequent imprisonment. (Id.).

Earlier on in this case, plaintiff's claims against Officers David and Carter were dismissed without prejudice based on plaintiff's failure to have them served within the one hundred twenty-day period prescribed by Rule 4(m), Fed.R.Civ.P. (See rec. docs. 14, 13). With that dismissal, that left before the Court

only plaintiff's purported claim against Sheriff Gusman. On that score, although the Sheriff is named as a defendant in the caption of and again on page three of plaintiff's initial pleading, his complaint otherwise makes no mention of the Sheriff's involvement in the matter of which he complains.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). <u>See also</u> 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The law is well-settled that the doctrine of <u>respondeat superior</u> has no place in proceedings brought under §1983. <u>Booker v. Koonce</u>, 2 F.3d 114, 116 n. 13 (5th Cir. 1993)(citing <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978)). To establish liability on the part of a supervisory correctional official, a plaintiff would need to set forth specific facts demonstrating personal involvement on the part of the supervisor or a causal connection between an act of the

supervisor and the constitutional violation sought to be redressed. Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659 (1985); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981); Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 550 (E.D. La. 2009). Without such personal involvement, there is no basis upon which to hold the Sheriff liable here. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's remaining §1983 claim against Sheriff Gusman be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  13th  day of ____April_____,

2012.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE